UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIE DOREY, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:16 CV 1016 CDP |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent ) | |
| ) | |

# **MEMORANDUM AND ORDER**

In June of 2004 Willie Dorsey pleaded guilty to four drug trafficking-related counts and one count of assault on a deputy U.S. Marshal. Because of his prior convictions, he qualified as a career offender under U.S.S.G. § 4B1.2(a)(2). Because of the career offender guidelines, he had a total offense level of 34 and a criminal history category of VI. His sentencing guidelines range was 262 to 327 months. On August 20, 2004, I sentenced him to 262 months on the four drug counts and 240 months on the assault count, with the sentences to run concurrently. Case No. 4:02CR506 CDP.

After the United States Supreme Court decided *Johnson v. United States,* 135 S.Ct. 2551 (2015), Dorsey filed a Motion to Correct Sentence Under 28 U.S.C. § 2255, arguing that under *Johnson* he should no longer be considered a career offender. In *Johnson* the Supreme Court held that the "residual clause" of the

Armed Career Criminal Act was unconstitutionally vague, and Dorsey, like many others, argued that the same analysis should apply to crimes of violence under the career offender sentencing guidelines. More recently, however, in *Beckles v. United States,* 137 S.Ct. 886 (2017), the Supreme Court held that the United States Sentencing Guidelines could not be challenged on void for vagueness grounds.

I previously stayed this case pending the decision in *Beckles*. Given that *Beckles* has now been decided and makes it clear that Dorsey has no basis for relief, I will lift the stay and deny the Motion to Vacate.

Accordingly,

**IT IS HEREBY ORDERED** that the stay in this case is lifted.

**IT IS FURTHER ORDERED** that the motion to vacate, set aside or correct sentence [1] is denied.

**IT IS FURTHER ORDERED** that the Clerk of Court shall docket a copy of this Memorandum and Order in Dorsey's Criminal Case No. 4:02CR506 CDP.

A separate judgment in accord with this order is entered today.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of June, 2017.